# EXHIBIT A

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                        SUPERIOR COURT

Patricia Durgin
Catherine Kevlik
250 North Pond Road
Chester, NH

Plaintiff

v.

OCWEN FINANCIAL
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

A N D

DEUTSCH BANK NATIONAL TRUST COMPANY, AS TRUSTEE
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

Defendants

## VERIFIED COMPLAINT SEEKING DECLARATORY JUDGMENT AND DAMAGES AS WELL AS EX PARTE MOTION SEEKING A TEMPORARY RESTRAINING ORDER, A PRELIMINARY INJUNCTION AND JURY DEMAND

Patricia Durgin and Catherine Kevlik ("Plaintiffs," "Borrowers" or "Brown"), individuals,

residing at 250 North Pond Road, Chester, NH ("their Residence"), by and through their attorney,

William C. Sheridan, of 50 Nashua Road, Suite 102, Londonderry, NH 03053, hereby complain

against the Defendants, Ocwen Financial [1] ("Ocwen") and Deutsche National Trust Company, as

Trustee  ("DEUTSCHE BANK"), jointly and severally, or collectively ("Ocwen, Deutsche Bank, or

Bank" as the context may require), as follows:

---

[1]      Ocwen serviced the Plaintiff's Mortgage on behalf of its owner, Deutsche Bank. As the
Servicer of the Plaintiff's Note and Mortgage, Ocwen. And as the agent of its principal, Deutsche
Bank, was acting on behalf of DEUTSCHE BANK for the purposes Ocwen was authorized to act by
DEUTSCHE BANK. In light of this principal/agent relationship, DEUTSCHE BANK is
vicariously liable in damages to Plaintiff for the wrongful acts of Ocwen  in connection with the
servicing of Plaintiffs Mortgage, as well as subject to the declaratory and equitable powers of
this Court for the conduct of its agent,

# INTRODUCTION

A.    Plaintiff Seeks Equitable Relief In Order To Redress The Bank's Violation Of Federal Consumer Law.

1.    Plaintiff brings this action (i) to enjoin the bank's foreclosure on plaintiff's residence, (ii) (the "foreclosure") (ii) to enjoin any eviction proceedings by one or more of the defendants; and (iii) to seek actual damages against Defendants, as well as statutory damages and attorney's fees.

2.    This case rests, in part, upon Regulation X, 12 C.F.R Section 1024.41. Reg X was promulgated by the Consumer Finance Protection Bureau (CFPB), effective January 11, 2014, under the Real Estate Procedures Act (RESPA), 12 U.S.C. Sections 2601 et seq.. Regulation X governs the servicing of all federally related loans, which comprise virtually all mortgage loans secured by a consumer's primary residence. [2]

3.    The Superior Court has the inherent power to enjoin a wrongful foreclosure, regardless of Reg X, to avoid injustice. Ruotolo v. Benjamin Franklin Corp... 122 N.H. 149, 150, 441 A.2d 1185 (1982) ("The superior court has equitable powers under RSA 498:1 (Supp.1979) to enjoin a mortgage foreclosure if the equities of the situation warrant").

4.    This Court's power to issue injunctive relief becomes more pronounced when the foreclosure is conducted in violation of Reg X.[3] See also, See, Dionne v. Federal National Mortgage Association et al.. Case 1:15-cv-00056-LM Op, No. 2015-DNH 125 (N.H. June 16, 2015)(Judge McCafferty allowed a case removed from Superior Court to proceed on facts akin to those asserted here and left the injunction previously issued by the Superior Court in full force and effect).[4]

---

[2]    [T]he term "federally related mortgage loan" includes any loan (other than temporary financing such as a construction loan) which-(A) is secured by a first or subordinate lien on residential real property (including individual units of condominiums and cooperatives) designed principally for the occupancy of from one to four families. 12 U.S.C. 2602(1) Definitions

[3]    This Court has subject matter jurisdiction. 12 U.S.C. Section 2614 provides "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction,"

[4]    Regulation X preempts inconsistent state law. See, 12 C.F.R. Section 1024.5 Coverage

B.     The Bank Carried Out Plaintiff's Foreclosure Under A Process Known As "Dual Tracking." Regulation X, Section 1024.41 Was Enacted To Address The Dangers That Are Inherent In Dual Tracking.

5.     Dual tracking is defined as the bank's consideration of a Borrower's application for a mortgage loan modification, while the Bank simultaneously proceeds with the foreclosure process. Dual tracking often leads to great confusion with the consumer/borrower.

6.     The consumer/borrower rightly assumes that, while the loan modification evaluation is in process, any pending foreclosure will be continued until the application for his loan modification has been completed.

7.     But this is not the case, despite the average consumer/borrower's rightful expectations to the contrary, while borrower's application for a loan modification is being evaluated, the foreclosure proceeds unabated.

8.     As a general rule, the consumer/borrower will not realize that the foreclosure is proceeding, until either:

(i)     shortly before the scheduled foreclosure, the consumer/borrower receives a Regulation B notice that the bank will no longer evaluate the application regardless of its merits, or

---

of RESPA. (c) *Relation to State laws. (1)* State laws that are inconsistent with RESPA or this part are preempted to the extent of the inconsistency. However, RESPA and these regulations do not annul, alter, affect, or exempt any person subject to their provisions from complying with the laws of any State with respect to settlement practices, except to the extent of the inconsistency. (Emphasis added).

Regulation X has a three (3) year statute of limitations. 12 U.S.C. Section 2614,provides Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought... within 3 years in the case of a violation of section 2605 of this title

(ii)     after the foreclosure when the consumer/borrower unawares calls the bank to ask  about the status of their loan modification application only to be told that his house was sold'

In either case, by the time that the consumer/borrower realizes that the foreclosure is proceeding unabated, it is often too late (or almost too late) for the borrower to seek the protection of the courts against a wrongful or unnecessary foreclosure. Dual-Track Foreclosures Limited Under U.S. Consumer Bureau Rules, Bloomberg Business News (January 13, 2013) littp://www.bloomberg.cominews/articles/2013-01-17/dual-track-foreclosures-limited-under-u-s-consumer-bureau-rules.

9.     In order to protect the consumer/borrower from the inherent dangers of dual tracking, Reg X Section 1024.41 was enacted, effective January 11, 2014.

10.     Under Reg X Section 1024.41 there are very specific limits on how and when this "dual tracking" may proceed.

11.     Reg X Section 1024.41 mandates that if the Borrower has submitted to Lender a complete application for a loan modification more than 37 days before the date scheduled for the foreclosure sale.[G]

12.     In this case, Plaintiff submitted his completed application, which the bank refused to evaluate, more than 37 days before the scheduled foreclosure date.

13.     Hence, *conducting* the foreclosure was in violation of Reg X Section 1024.41(g).[5]

---

[5]     Reg X Section 1024.41g provides

"(g) Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer **shall not** move for foreclosure judgment or order of sale, or **conduct a foreclosure sale,** unless The servicer has sent the borrower a notice pursuant to paragraph (c)(I)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;

The borrower rejects all loss mitigation options offered by the servicer; or

The borrower fails to perform under an agreement on a loss mitigation option.

14.     Plaintiff sought legal counsel.[13] Plaintiffs counsel informed Ocwen that Plaintiff had timely submitted an  application for loss mitigation on December 17, 2016,[6] and that Ocwen had refused to evaluate that  application in violation of section (g), but rather referred the matter to foreclosure. As an offer of compromise, Plaintiffs counsel then requested that Ocwen continue the pending foreclosure so that Ocwen would have time to evaluate Plaintiffs written application. Ocwen refused to do so, but rather has scheduled the foreclosure for today @ 4:00PM .

15.     Plaintiff now seeks equitable relief simply to enjoin the wrongful foreclosure on their residence on January 24, 2017. See, <u>Dionne v. Federal National Mortgage Association et al.,</u> Case 1:15-cv-00056-LM Op, No. 2015-DNH 125 (N.H. June 16, 2015)(Judge McCafferty allowed a case removed from Superior Court to proceed on facts akin to those asserted here and left the injunction previously issued by the Superior Court in full force and effect).

<u>ALLEGATIONS OF FACT</u>

16.     Plaintiffs reallege and incorporate herein the allegation contained in paragraphs 1 through 15 of this Complaint.

17     Plaintiffs residence is secured by a mortgage currently held by Deutsche Bank and serviced by Ocwen ("Mortgage").

COUNT I<br>(The Foreclosure Violates Reg X and RESPA)

18.     Plaintiff realleges and incorporates herein all of the allegations contained in paragraphs 1 thru 17 of this Complaint.

19.     Under Reg X Section 1024.41 the key concepts are the definitions of (i) a "loss mitigation application <u>[whether complete or </u>not]," (ii) a <u>"complete</u> loss mitigation application" and (iii) a <u>"facially complete</u> loss mitigation application."

---

[6]     <u>Review of loss mitigation application submission—(i)</u> Requirements. If a servicer **receives a loss mitigation application** a servicer shall...:
**(B)Notify the borrower in writing** within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application **that the  servicer acknowledges receipt of the loss mitigation application.**  Reg X, Section 1024.41(b)(2)(i)(B),

20.     The definition of a "facially complete application" is central here. A facially complete application is one that, though "incomplete," the servicer must ... treat the application as "complete" for the purposes of paragraph (g) of this section [prohibits conducting a foreclosure]."

21.     When borrower submits a written application to bank, [whether complete or not] the servicer shall notify the borrower what documents are required to render the application complete.[7] If no additional documents are requested, the application is deemed complete when first filed.[8]

22.     Plaintiff submitted a complete application for loss mitigation on December 17, 2016, more than 37 days before the foreclosure. As such, Ocwen was required to notify plaintiff in writing what additional information was required, if any, to complete his application. When Ocwen failed to do so, *Ocwen was required to treat Plaintiff's application as a "complete" application.* Thereafter, Reg X Section 1024.41 (g) prohibited from *conducting* the mortgage sale. Relying on Dionne v. Federal National Mortgage Association et al.. Case 1:15-cv-00056-LM Op, No. 2015-DNH 125 (N.H. June 16, 2015).

---

[7]      At the same time,...[i]f a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete." Reg X, Section 1024. 41 (b) (2) (B) .
        A servicer shall
        "(B) Notify a Borrower in writing ...that the servicer has determined that the loss mitigation application is either complete or incomplete.

[8]      iv) Facially complete application, **If ...in** the notice required pursuant to §1026.41(b)(2)(i)(B), ... **no additional information is requested** in such notice, the application shall be considered facially complete..., **the servicer must...** treat the **application as complete** for the purposes of paragraph (g) of this Title. (Emphasis added),

23.     By conducting the on January 24th, 2017 Ocwen violated Reg X Section 1024.41 (g) prohibitions, rendering the entire foreclosure process void ab initio.

24.     Brown has a high likelihood of success on the merits because the January 24th foreclosure was obviously in violation of Reg X Section 1024.41(g) :

25.     Reg X empowers the borrower to bring a private right of action in which declaratory relief and injunctive relief may be issued. 12 U.S.C. Section 2605(f); 15 U.S.C. Section 1691e(c); Dionne v. Federal National Mortgage Association et al., Case 1:15-cv-00056-LM Op. No. 2015-DNH 125 (N.H. June 16, 2015)(upheld suit when the foreclosure was conducted in violated Reg X Section 2014.41(g). Reg X "preempts" inconsistent state laws.

26.     The NH Superior Court likewise has the inherent power to issue equitable relief here, regardless of Reg X to avoid injustice. Ruotolo v. Benjamin Franklin Corp... 122 N.H. 149, 150, 441 A.2d 1185 (1982) ("The superior court has equitable powers under RSA 498:1 (Supp.1979) to enjoin a mortgage foreclosure if the equities of the situation warrant").

27.     Plaintiff has no adequate remedy at law. Damages can never compensate for the loss of one's home with such a deep sentimental value to Plaintiffs.

28.     The equities favoring equitable relief outweigh any potential resulting harm.

   • DEUTSCHE BANK will not suffer any harm because Ocwen will simply be required to comply with DEUTSCHE BANK's mandate and evaluate plaintiff's application.

29.     The public interest strongly favors the avoidance of wrongful and unnecessary foreclosures, especially those that have been conducted in violation of federal consumer law.

30.     Bank counsel is aware that Plaintiff intends to commence this action seeking ex parte and objects to the relief sought, but has chosen not to attend. These pleadings have been sent by facsimile to bank counsel today.

15

31.     As a result of the bank's violation of Reg X Section 1024.41(g), Plaintiff suffered pecuniary loss, such as damage to his credit report, loss of access to financial credit, damage to his financial reputation, as well as copying fees, gas, and other out of pocket expenses, and also Plaintiff suffered loss of appetite, upset stomach, sleeplessness and other severe emotional distress.
road.

WHEREFORE, Plaintiff prays that this Court grant him the following relief

A.     Declare that conducting the foreclosure is in direct violation of Reg X Section 1024.41(0(2) and (g).

B.     Declare the foreclosure void.

C.     Issue an ex parte temporary restraining order, a preliminary injunction and/or a permanent injunction enjoining the Defendants and their successors and assigns from conducting the foreclosure and from and from proceeding with eviction proceedings.

D.     Schedule a hearing on plaintiff's motion for a preliminary injunction within ten (10) days thereof.

E.     Award pecuniary damages in favor of plaintiff against the Defendants, jointly or severally, for the economic harm suffered by plaintiff as a result of defendants' violation of Reg X, Section 1024.41 (g) within the jurisdictional limits of this Court.

F.     Award plaintiff damages for the emotional distress suffered by plaintiff as a consequence of Defendants' violation of Reg X, Section 1024.41(g) within the jurisdictional limits of this Court.

G.     Award Plaintiff statutory damages for each violation of Reg X, Section 1024.41(g) carried out by Defendants within the jurisdictional limits of this Court.

H.     Award plaintiff his attorney's fees sustained by him as a result of Defendants' violation. Reg X, Section 1024.41(g). and                                    16

I.      Such other relief as is right and just.

## COUNT II
(Violation of Reg B Section 1009.9(c)
Promulgated Under The Equal Credit Opportunity Act)

32.     The Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 thru 31 of this Complaint.

33.     On December 17, 2016 Plaintiff submitted to Ocwen a complete loss mitigation application.

34.     Under Reg B Section 1009.9(c), once a "completed" loan application has been filed, the bank must evaluate the application and provide the borrower with written notice of any decision[9] In the alternative, if the borrower's application is "incomplete," servicer shall provide written notice **to the applicant specifying the information needed-**[27]

**35.     Prior** to the foreclosure sale being conducted Ocwen had not provided written notice that Plaintiff's loss mitigation had been denied nor had Ocwen provided Plaintiff with the required written notice **to the applicant specifying the information *needed*** to make the application complete and the time frame within which the information must be submitted to avoid foreclosure. Reg B Section 1002.9(c)(2).

_____

[9]      (c) *Incomplete applications*

  *(1) Notice alternatives.*  **Within 30 days after receiving an application that is incomplete regarding matters that an applicant can complete, the creditor shall notify the applicant** either:

  (i)    Of action taken, in accordance with paragraph (a) of this section; or

  (ii)   Of the incompleteness, in accordance with paragraph (c)(2) of this section.

  (2) *Notice of incompleteness.* **If additional information is needed from an applicant, the creditor shall send a written notice to the applicant specifying the information needed,** designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application.

*17*

36.     Had the Bank evaluated Plaintiffs' application as required Reg B notice, the foreclosure would have been avoided.

37.     Unless the relief requested is granted, Plaintiff will suffer irreparable harm, to wit, the permanent loss of his home.

38.     Plaintiff has no adequate remedy at law. The wrongful loss of one's home with a deep sentimental value can never be adequately compensated for by damages at law.

39.     The equities in favor of enjoining the recording of the foreclosure deed outweigh any harm caused by the failure to issue such relief.

40.     Brown has a high likelihood of success on the merits because the January 24, 2017 foreclosure is obviously in violation of Reg B

41.     Reg B empowers the borrower to bring a private right of action in the state Superior Court in which declaratory relief and injunctive relief may be issued.[10] [29] 15 U.S.C. Section 1691e(c); Dionne v. Federal National Mortgage Association et al., Case 1:15-cv-00056-LM Op. No. 2015-DNH 125 (N.H. June 16, 2015).[11]

42.     The NH Superior Court likewise has the inherent power to issue equitable relief here, regardless of Reg B to avoid injustice. Ruotolo v. Benjamin Franklin Corp... 122 N.H. 149, 150, 441 A.2d 1185 (1982) ("The superior court has equitable powers under RSA 498:1 (Supp.1979) to enjoin a mortgage foreclosure if the equities of the situation warrant).

---

[10]     15 U.S.C. Section 1691e(c) provides "[u]pon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter."

[11]     12 C.F.R. Section 1002.11(a) *Inconsistent state laws.* Except as otherwise provided in this section, this part alters, affects, or preempts only those state laws that are inconsistent with the Act and this part and then only to the extent of the inconsistency. A state law is not inconsistent if it is more protective of an applicant

43.     Plaintiff has no adequate remedy at law. Damages can never compensate for the loss of one's home with such a deep sentimental value to Plaintiffs.

44.     The equities favoring equitable relief outweigh any potential resulting harm.

- DEUTSCHE BANK will not suffer any harm because Ocwen will simply be required to comply with DEUTSCHE BANK's mandate and evaluate Plaintiff's application.

45.     The public interest strongly favors the avoidance of wrongful and unnecessary foreclosures, especially those that have been conducted in violation of federal consumer law.

46.     As a result of the bank's violation of Reg X Section 1024.41(g), Plaintiff suffered pecuniary loss, such as damage to his credit report, loss of access to financial credit, damage to his financial reputation, as well as copying fees, gas, and other out of pocket expenses.

47.     As a result of the bank's violation of 12 CFR 1024.41(g) Plaintiff suffered loss of appetite, upset stomach, sleeplessness and other severe emotional distress.

48.     Bank counsel is aware that Plaintiff intends to commence this action seeking ex parte and objects to the relief sought, but has chosen not to attend. These pleadings have been sent by facsimile to bank counsel today.

**WHEREFORE,** Plaintiff prays that this Court

A.     Declare that conducting the foreclosure is in direct violation of Reg B Section 1009.9(c).

B.     Declare the foreclosure void under 15 U.S.C. Section 1691e(c).

C.     Issue an ex parte temporary restraining order, a preliminary injunction and/or a permanent injunction enjoining the Defendants and their successors and assigns from conducting the foreclosure and from proceeding with eviction proceedings, 15 U.S.C. Section 1691e(c), to remain in effect until further

20

order of this Court.

D.     Schedule a hearing on plaintiff's motion for a preliminary injunction within ten (10) days thereof.

E.     Award pecuniary damages in favor of plaintiff against the Defendants, jointly or severally, for the economic harm suffered by plaintiff as a result of defendants' violation of Reg B Section 1009.9(c) within the jurisdictional limits of this Court.

F.     Award plaintiff damages for the emotional distress suffered by plaintiff as a consequence of Defendants' violation of Reg B Section 1009.9(c) within the jurisdictional limits of this Court.

G.     Award plaintiff his attorney's fees sustained by him as a result of Defendants' violation. Reg B Section 1009.9(c); and

H.     Such other relief as is right and just.

**COUNT III**
**(Violation of New Hampshire's Unfair Debt Collection Practices Act (UDCPA)**

49.     The Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 thru 48 of this Complaint.

50.     DEUTSCHE BANK and Ocwen are "debt collectors as that is defined in NHUDCPA.

51.     As a debt collector neither DEUTSCHE BANK nor Ocwen may "take any actions "which a debt collector in the regular course of business would not take." Accord, Campbell v. Specialized Loan Servicing, LLC, Opinion No. 2014 DNH 014, 13-cv-278-PB (January 23, 2014)(Judge Barbadoro).

52.    The Defendant's, jointly and severally, violated NHUDCPA in that a debt collector in the regular course of business would not have done any of the following, as Defendants have done here:

- Schedule to conduct a foreclosure in violation of express mandates of RESPA, Reg. X nor schedule to conduct a foreclosure in violation of the express mandates of ECOA, Reg B.

54.    As a result of Defendants' violation of NHUDCPA, Plaintiff suffered the same harm as described herein.

**WHEREFORE,** Plaintiff prays that this Court

A.    Declare that conducting the foreclosure is in direct violation of NHUDCPA.

B.    Declare the foreclosure void.

C.    Issue an ex parte temporary restraining order, a preliminary injunction and/or a permanent injunction enjoining the Defendants and their successors and assigns from conducting the foreclosure deed and from proceeding with eviction proceedings until further order of this Court.

D.    Schedule a hearing on plaintiff's motion for a preliminary injunction within ten (10) days thereof.

E.    Award pecuniary damages in favor of plaintiff against the Defendants, jointly or severally, for the economic harm suffered by plaintiff as a result of defendants' violation of NHUDCPA within the jurisdictional limits of this Court.

F.    Award plaintiff damages for the emotional distress suffered by plaintiff as a consequence of Defendants' violation of NHUDCPA within the jurisdictional limits of this Court.

G.    Award plaintiff his attorneys fees sustained by him as a result of Defendants' violation of NHUDCPA; and

H.       Such other relief as is right and just.


H.                  Such other relief as is right and just.


Signed under pains and penalty of perjury[12]this 24th day of January, 2017.


RESPECTFULLY SUBMITTED


PLAINTIFF BY


_____

William C. Sheridan, Esq
50 Nashua Road,
Suite 102
Londonderry, NH 03053
603-674-9359
Wsheridan21@hotrnail.corn
BNH 2883




ROCKINGHAM, SS                          January 24, 2017
STATE OF NEW HAMPSHIRE


       Then personally appeared the above-named William C. Sheridan, before me and swore
that the within was true and correct within his best knowledge and b ief t 24th day of January,
2017.


                              NOTAR PUBLIC/JUSTICE •

34


_____

_____

[12] In making this assertion, legal counsel is relying, in part on personal knowledge, in part
on statements made to him by his client and in part on documents that his client has
provided to him, all of which legal counsel believes are true and correct after due inquiry. 2̄5

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF HEARING

### FILE COPY

Case Name:     **Patricia Durgin, et al v Ocwen Financial, et al**
Case Number:   **218-2017-CV-00085**

The above referenced case(s) has/have been scheduled for: **Final Hearing**

**Date: February 15, 2017**
**Time: 9:00 AM**
**Time Allotted:  15 Minutes**

**Location: Courtroom 6 - Rockingham Superior**
**10 Route 125**
**Brentwood, NH 03833**

**RESCHEDULED FROM 2/2/17**

If you do not appear at this hearing, the Court may consider you to be in default and may make orders against you without your input.  If you are the defendant and do not appear, the Court may find for the plaintiff(s) and proceed immediately to the assessment of damages or a hearing on the relief sought.  If you are the plaintiff and do not appear, the Court may dismiss the case.

Multiple cases are scheduled during this session. Please notify the court immediately if your hearing is expected to last longer than the allotted time, as the Court cannot guarantee that additional time will be available.

If you will need an interpreter or other accommodations for this hearing, please contact the Court immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

February 07, 2017

Maureen F. O'Neil
Clerk of Court

(504)
C:    Justin M. Fabella, ESQ; William C. Sheridan, ESQ

NHJB-2556-S (07/01/2011)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE OF DECISION

### FILE COPY

Case Name:     **Patricia Durgin, et al v Ocwen Financial, et al**
Case Number:   **218-2017-CV-00085**

Please be advised that on February 02, 2017 Judge Wageling made the following order relative to:

Assented Motion to Continue today's Prel Injunction Hearing while Maintaining the Status Quo

**"Granted in part. The Court will reschedule the hearing as the Court's calendar allows., keeping the suggested dates in mind. All other relief is granted."**

February 07, 2017

Maureen F. O'Neil
Clerk of Court

(504)

C: William C. Sheridan, ESQ; Justin M. Fabella, ESQ

NHJB-2501-S (07/01/2011)

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                    SUPERIOR COURT

Patricia Durgin
Catherine Kevlik
250 North Pond Road
Chester, NH

Plaintiff

v.

OCWEN FINANCIAL
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

AND

DEUTSCH BANK NATIONAL TRUST COMPANY, AS TRUSTEE
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

Defendants

No. 218-2017-cv-0085

## ASSENTED TO MOTION TO CONTINUE TODAY'S PRELIMINARY INJUNCTION HEARING WHILE MAINTAINING THE STATUS QUO UNTIL FURTHER ORDER OF THE COURT

Patricia Durgin and Catherine Kevlik ("Plaintiff," "Borrower" or "Durgin"), by and through their attorney, William C. Sheridan, of Londonderry, NH 03053, hereby moves that this Honorable Court issue the following relief:

A.       Continue today's preliminary injunction hearing at 9:00 am until either one of the following 3 dates: February 13, 2017, February 15, 2017 or February 17, 2017, given the short

1

time frame that defendants' counsel has been given to prepare, and such other relief as is right and just.

As grounds, therefore, the Plaintiff states:

1.     Given the short into frame between service and this hearing today, which in turn provides Defendants' counsel insufficient time to prepare, the parties have agreed to continue today's hearing until either: February 13, 2017, February 15, 2017 or February 17, 2017, so long as the parties remain enjoined from conducting the foreclosure and the like until further order of this court.

2.     Defendants shall not be prejudiced in any way in seeking to object to the continuance of this injunction at said continued hearing.

WHEREFORE, Plaintiff prays that this Court grant the parties the assented to relief requested herein, and such other relief as is right and just.

RESPECTFULLY SUBMITTED
PATRICIA DURGIN AND CATHERINE
KEVLIK, , PLAINTIFF
BY THEIR ATTORNEY
WILLIAM C. SHERIDAN, ESQ.

_____
William C. Sheridan, Esq.
50 Nashua Road, Suite 102
Londonderry, NH 03053
603-674-9359
Wsheridan21@hotmail.com
BNH 2883

I hereby certify that I served the within motion by emailing it this day to Defendants' counsel Jared J. Madison [jmadison@shslawfirm.com] and Lindsay J. Britton [lbritton@shslawfirm.com] and Michael P. Robinson [mrobinson@shslawfirm.com].

_____
William C Sheridan, Esq.

2

STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS                                    SUPERIOR COURT

Patricia Durgin
Catherine Kevlik
250 North Pond Road
Chester, NH

Plaintiff

v.

OCWEN FINANCIAL
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

A N D

DEUTSCH BANK NATIONAL TRUST COMPANY, AS TRUSTEE
C/O Shectman, Halperin and Savage, LLP
1080 Main Street
Pawtucket, RI 02860

Defendants

## EX PARTE ORDER ON ALTERNATIVE SERVICE

It is hereby ordered that:

A.      Allow Plaintiff, on an ex parte basis, to serve the Complaint and other process

filed herewith on each of the Nonresident Corporate Defendants, individually, pursuant to the

New Hampshire long arm statue, RSA 510:4 (Service Nonresident Defendant) and RSA 510:14

(Service Corporations) by emailing a copy thereof addressed to Jared J. Madison

[jmadison@shslawfirm.com] and Lindsay J. Britton [lbritton@shslawfirm.com] Shectman,

Halperin and Savage, LLP 1080 Main Street Pawtucket, RI 02860 (who are conducting the

foreclosure sought to be enjoined in this action), at which time service will be effective, and

provided that Plaintiff subsequently leave a true and correct copy of the process with the Non

resident corporate defendant's resident agents in New Hampshire.

      B.      Order that such service shall be of the same legal force and effect as if

served on the defendant at his abode or place of business, in the state or country where he resides

and according to the law of that state or country on each of the Defendants;

_____

DATE                                  THE COURT